⊘AO91 (Rev. 12/03)  Criminal Complaint

E-FILED
Friday, 15 December, 2006 04:02:30 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF  ILLINOIS

UNITED STATES OF AMERICA
V.
GENE SUTTON

**FILED**
DEC 1 5 2006
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

Case Number: 06-M-7242

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about **December 14, 2006** in **Kankakee** County, in the **Central** District of **Illinois** defendant(s) did,

(Track Statutory Language of Offense)
knowingly possess 50 or more grams of cocaine base ("crack"), a Schedule II Controlled Substance, with the intent to distribute it, in violation of 21 U.S.C. §841 (a)(1), and carried a firearm during and in relation to a drug trafficking crime,

in violation of Title **18** United States Code, Section(s) **924(c)**.

I further state that I am a(n) **Special Agent, DEA** and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT.

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

s/ Christopher L. Hoyt
Signature of Complainant

Christopher L. Hoyt
Printed Name of Complainant

Sworn to before me and signed in my presence,

12/15/2006     at     Urbana, Illinois
Date                                                     City                               State

s/ David G. Bernthal

David G. Bernthal      U.S. Magistrate Judge
Name of Judge                   Title of Judge                 Signature of Judge

# AFFIDAVIT

I, CHRISTOPHER L. HOYT, being first duly sworn on oath, depose and state as follows:

1.  I am a Special Agent of the Drug Enforcement Administration ("DEA"), and have been so employed since 1997. I am presently assigned to the DEA Chicago Field Division and previously was assigned to the Fairview Heights Resident Office for approximately five years. During my time as a Special Agent with DEA, I have personally conducted and/or assisted in numerous investigations of criminal violations involving controlled substances.

2.  As a Special Agent with DEA, I have received extensive training in investigating violations of federal narcotics statutes, including those regarding the distribution of cocaine base ("crack"). I have also conducted and participated in numerous investigations involving the detection and investigation of drug trafficking violations, including distribution of controlled substances, conspiracy to distribute controlled substances, and the carrying or possession of firearms during drug trafficking crimes. I have had numerous conversations with drug traffickers concerning their methods of operation in the course of investigative interviews, and have listened to numerous tape-recorded conversations between informants and drug traffickers in which their methods of operation were discussed or revealed. I have testified in numerous judicial proceedings regarding drug trafficking violations. I am currently assigned to the investigation of drug trafficking activity in the Central District of Illinois, including in Kankakee County, Illinois.

3. This affidavit is made in support of a criminal complaint and arrest warrant charging GENE SUTTON (DOB:    /1980) with the possession of more than fifty grams of cocaine base ("crack") with the intent to distribute it in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(A)(iii), and carrying a firearm during and in relation to a drug trafficking crime in violation of Title 18, United States Code, Section 924(c).

4. The statements contained in this affidavit are based in part on my own personal observations, information provided by other DEA agents and other law enforcement officers, on information provided by other witnesses, and on my experience and background as a Special Agent with DEA. The information contained in this affidavit is not an exhaustive account of everything I know about this case. Rather, it is only the facts that I believe are necessary to establish probable cause to believe that SUTTON possessed more than fifty grams of cocaine base ("crack") with the intent to distribute it in violation of Title 21, United States Code, Section 841(a)(1), and carried a firearm during and in relation to a drug trafficking crime in violation of Title 18, United States Code, Section 924(c).

5. In the fall of 2006, a confidential informant (CI), who had previously been arrested by the Kankakee Area Metropolitan Enforcement Group (KAMEG) on multiple drug charges, was assisting law enforcement agents in the hopes of receiving favorable treatment regarding the potential criminal charges. The CI told KAMEG agents that the CI had purchased approximately 2 1/4 ounces of crack cocaine per week from SUTTON over the past year.

6. On December 14, 2006, I and other law enforcement agents were conducting surveillance on SUTTON. We observed SUTTON drive to a residence in the area between 12,000 East and 13,000 East at 4000 South in rural Kankakee County, Illinois. SUTTON then left the area in a pick-up truck. I began following SUTTON and he began to drive away from me very quickly. Officers in marked squad cars in the area turned on their take-down lights and attempted to stop SUTTON. SUTTON continued to drive very quickly and attempted to flee from officers. His pick-up truck finally came to a stop when he was unable to negotiate a turn and drove the truck into a sandy area.

7. Officers approached the truck and arrested SUTTON. On the ground, immediately outside the driver's side door of the truck, agents found and seized several plastic bags containing 50.4 grams of a hard, off-white rock-like substance that appeared to be the crack form of cocaine base, based on my training and experience. Agents also seized a bag containing 7.6 grams that appeared to be powder cocaine. The seized substances were field tested by agents and resulted in positive results for the presence of cocaine. Clearly visible on the passenger side floorboard of the truck was a Smith & Wesson, nine millimeter semi-automatic pistol, and a loaded magazine containing nine millimeter ammunition. Officers seized the gun.

8. Following his arrest, at approximately 12:20 p.m., I advised SUTTON of his constitutional rights, known as the Miranda warnings. SUTTON indicated that he understood his rights and agreed to answer some questions related to his drug trafficking activities. SUTTON admitted that the crack and powder cocaine found at

the time of his arrest belonged to him. He admitted he had recently purchased 13 1/2 ounces (approximately 378 grams) of powder cocaine, part of which he had cooked up into crack cocaine. Just prior to his arrest, he had delivered some of that crack cocaine to an individual, and the cocaine that he had in his possession at the time of his arrest represented what was left over from that delivery. He admitted that he had previously purchased the Smith & Wesson nine millimeter pistol at K's Merchandise Mart as protection because he had been shot in the past. He admitted that in the past he had purchased multiple kilograms of cocaine for distribution, including purchasing two kilograms of cocaine approximately three weeks before his arrest for $19,000 per kilogram. He claimed the most cocaine he had ever brokered at one time was seven kilograms.

9.   Based on my training and experience, 50.4 grams of cocaine base ("crack") is more than a personal use amount and was intended for distribution.

Further affiant sayeth not.

s/ Christopher L. Hoyt<br>
CHRISTOPHER L. HOYT<br>
Special Agent,<br>
Drug Enforcement Administration<br>
Chicago, Illinois

Subscribed and sworn to before me this /5 day of December, 2006.

s/ David G. Bernthal<br>
DAVID G. BERNTHAL,<br>
United States Magistrate Judge