E-FILED
Tuesday, 09 January, 2007  02:32:42 PM
Clerk, U.S. District Court, ILCD

United States District Court
Central District of Illinois
Urbana Division

### ORDER OF DETENTION PENDING TRIAL

**United States of America**                               **Case Number:  07-20009**

v.

**GENE SUTTON, JR**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### PART I - FINDINGS OF FACT

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is:
- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Finding Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

## ALTERNATE FINDINGS (A)

**X** (1) There is probable cause to believe that the defendant has committed an offense:
❒ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
**X** under 18 U.S.C. § 924(c).

**X** (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

## ALTERNATE FINDINGS (B)

❒ (1) There is a serious risk that the defendant will not appear.
❒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence)(~~a preponderance of the evidence~~) that:

*The evidence before the Court rebutted the presumption with respect to the risk of non appearance. Clearly, the Defendant has no prior criminal record. He has strong family ties to the district. He is employed. Some of those factors tend to rebut the presumption with respect to danger, however, they do not successfully do so. On balance, the Court is satisfied that conditions of release will not reasonably address the risk of danger posed by this Defendant. The contents of the Affidavit in support of the Criminal Complaint includes statements from a confidential informant to the effect that Defendant had been selling the informant approximately 2 1/4 ounces of crack cocaine per week over the past year. The Defendant reportedly admitted that the crack cocaine found outside his truck at the time of his arrest was his and represented what was left from a prior delivery. He reportedly acknowledged purchasing multiple kilograms of cocaine for distribution with the most significant quantity ever brokered being seven kilograms. The Court acknowledges that the Defendant is presumed innocent. However, the Court is not required to ignore the evidence before it. From that evidence, the Court has concluded that the Defendant has been engaged in crack distribution of a significant amount. Further, the Court is persuaded that the Defendant relies upon a weapon for security while engaging in his drug distribution.*

## PART III - Directions Regarding Detention

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentence or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ENTER this 9th day of January, 2007.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE