E-FILED
Monday, 04 June, 2007   12:21:28 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. CR07-20009 |
| ) | |
| GENE SUTTON, ) | Honorable Michael P. McCuskey |
| ) | Judge Presiding |
| Defendant. ) | |

**MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE**

Defendant, GENE SUTTON, by and through his attorney, STANLEY L. HILL, moves this Court pursuant to the Fourth Amendment of the United States Constitution to suppress from introduction into evidence the direct and indirect products of his arrest.

1. Gene Sutton is charged in a three count indictment. Count 1 of the indictment charges the defendant with the Distribution of Fifty Grams or More of Cocaine Base ("crack") in violation of Title 21, U.S.C. Section 841(a)(1) & (b)(1)(A)(iii). Count 2 of the indictment charges the defendant with delivery of crack cocaine. Count 3 of the indictment charges defendant with Carrying a Firearm During a Drug Trafficking Crime in violation of Title 21, U.S.C. Section 924(c).

2. According to the affidavit of Christopher L. Hoyt, a Special Agent of the Drug Enforcement Administration ("DEA"), on December 14, 2006, defendant was driving a pick-up truck in the vicinity of

1

12,000 East and 13,000 East at 4000 South in rural Kankakee County, Illinois, "when officers in marked squad cars in the area turned on their take-down lights and attempted to stop Sutton."

3. Defendant continued to drive the pick-up truck until he was curbed by the "officers in marked squad cars."

4. The officers approached the truck and arrested defendant. On the ground, immediately outside the driver's side door of the truck, police allegedly found and seized several plastic bags allegedly containing 50.4 grams of a hard, off-white rock-like substance, which is alleged to be crack cocaine.

5. The defendant's pick-up truck was searched and inside the truck the officers allegedly found and seized a Smith & Wesson, nine millimeter semi-automatic pistol, and a loaded magazine containing nine millimeter ammunition.

6. Subsequent to his arrest, defendant allegedly made several oral statements which, on information and belief, the government will seek to introduce as evidence against the defendant.

7. The Fourth Amendment of the United States Constitution guarantees the right of persons to be secure from unreasonable search and seizure of their persons, houses, papers and effects. Defendant's arrest was a seizure contemplated by the Fourth Amendment to the United States Constitution.

8. The Exclusionary Rule prohibits the introduction into evidence the direct and indirect products of unreasonable searches and seizures. *Mapp v. Ohio*, 367 U.S. 643 (1961); *Wong Sun v. U.S.*, 371 U.S. 471 (1963).

9. The government has indicated its intent to introduce into evidence the above listed items and defendant's oral statements, which were obtained as a direct result of the illegal stop and search of the pick-up truck defendant was driving in violation of the United States Constitution.

10. The police must have a legal justification to stop a vehicle. *Whren v. United States*, 496 U.S. 444 (1990). In some cases the police may stop a vehicle for investigative purposes if there is an objective justification that the driver of the vehicle was committing, was about to commit a crime, or that evidence or contraband would be found in the vehicle. *Alabama v. White*, 496 U.S. 325, 110 S. Ct. 2412 (1990).

11. In this case, the vehicle was stopped by "officers in marked squad cars," on a hunch, without a legal justification and without articulable facts to support the stop.

12. That the right to search does not automatically follow from every lawful vehicle stop. The police in some circumstances must first

obtain either consent, or have a warrant to search the vehicle. *Ohio v. Robinette*, 519 U.S. 33 (1996).

    13. The stop and/or search of the vehicle was unlawful for the following reasons:

    a. At the time of the arrest, the defendant was not violating any Federal, State or local law and there existed no probable cause to make an arrest, search or seizure. *Whren v. United States*, 496 U.S. 444 (1990), *Terry v. Ohio*, 362 1 (1968).

    b. The arrest of defendant was made without authority of a valid search or arrest warrant. *Payton v. New York*, 445 U.S. 573 (1980).

    c. The defendant gave no consent to have his person, or pick-up truck searched or items seized. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973).

    d. The arrest, search, and seizure were made in violation of the defendant's rights under the Fourth Amendment to the United States Constitution.

    e. The search and seizure of the defendant was not incident to, nor contemporaneous with, the valid arrest of the defendant. *Dunaway v. New York*, 442 U.S. 200, 99 S. Ct. 2248 (1979).

For the foregoing reasons, defendant Gene Sutton, respectfully requests that this Court grant his request to:

1. Suppress and bar from introduction at trial of the above entitled cause the alleged crack cocaine, the Smith & Wesson, nine millimeter semi-automatic pistol, the loaded magazine containing nine millimeter ammunition, and all oral statements allegedly made by defendant;

2. Quash defendant's arrest for lack of probable cause; and

3. Suppress and bar from introduction at trial all testimony related to the listed items and defendant's alleged oral statements.

Respectfully submitted,

/s/ Stanley L. Hill,
Attorney for Defendant

**STANLEY L. HILL & ASSOCIATES, P.C.**
651 West Washington Boulevard
Suite 205
Chicago, Illinois 60661
T.  (312) 917-8888
F.  (312) 781-9401
E.  stanhill@core.com
W.  stanhilllaw.com