UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. CR07-20009 |
| | ) | |
| GENE SUTTON, | ) | Honorable Michael P. McCuskey |
| | ) | Judge Presiding |
| Defendant. | ) | |

**<u>DEFENDANT'S PRETRIAL MOTIONS</u>**

Defendant, GENE SUTTON, by and through his attorney, STANLEY L. HILL, asks this Honorable Court to grant the requests included herein defendant's pretrial motions.

1.  An order directing the government to provide the defendant with any and all written or recorded statements and the substance of any oral statements made by the defendant, and a list of witnesses to the making and acknowledgment of such statements.

2.  According to the affidavit of Christopher L. Hoyt, a Special Agent of the Drug Enforcement Administration ("DEA"), on December 14, 2006, defendant was driving a pick-up truck in the vicinity of 12,000 East and 13,000 East at 4000 South in rural Kankakee County, Illinois, "when officers in marked squad cars in the area turned on their take-down lights and attempted to stop Sutton." Defendant continued to drive the pick-up truck until he was curbed by the

"officers in marked squad cars." Defendant requests an order directing the government to provide defendant with the names of all officers who were in the marked squad cars that allegedly stopped Sutton, and their place of employment, together with their relevant written or recorded statements, and/or memoranda containing substantially verbatim reports of their oral statements involving their alleged stop, arrest and subsequent detention and/or interrogation of defendant.

3. If any of the vehicles involved in the stop of the defendant were equipped with videotaping surveillance equipment, defendant request an order directing the government to provide defendant with a copy of the videotape showing the initiation of the pursuit of defendant by the officers in marked squad cars, defendant's stop and subsequent arrest, the search of defendant's vehicle, and the alleged discovery of the crack cocaine, the Smith & Wesson, nine millimeter semi-automatic pistol, and the loaded magazine containing nine millimeter ammunition.

4. An order directing the government to provide defendant with a transcript of those portions of grand jury minutes containing relevant testimony of persons whom the government attorney intends to call as witnesses at the hearing or trial.

5. An order directing the government to provide defendant with any reports or statements of experts, made in connection with

this case, including the results of physical examinations and of scientific tests, experiments, or comparisons, and a statement of qualifications of the expert.

    6.    An order directing the government to provide defendant with any record of prior criminal convictions, which may be used for impeachment, of persons whom the government intends to call as witnesses at the hearing or trial.

    7.    An order directing the government to provide any and all information regarding any electronic surveillance (including wiretapping) of conversations to which defendant was a party, or of his premises.

    8.    An order directing the government to provide defendant with any material or information within its possession or control which tends to negate the guilt of the defendant as to the offenses charged or would tend to reduce his punishment.

    9.    An order directing the government to provide defendant with any and all impeaching and otherwise exculpatory information and/or evidence pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

    10.    An order directing the government to provide defendant with any and all written reports of all government witnesses and their

relevant statements as required by the Jencks Act, and pursuant to <u>Jencks v. United States</u>, 353 U.S. 657 (1957).

11. An order directing the government to make a Santiago Proffer Statement prior to permitting any hearsay testimony to be used against defendant.

12. An order requiring the government to preserve all notes, rough notes, logs and memoranda prepared by, or at the request of, the government's agents and/or attorneys.

13. An order requiring the government to produce all informants utilized in the investigation of this case for interview by defense counsel on behalf of defendant.

14. An order requiring the government to file a Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure as to the counts charged in the indictment against defendant.

15. An order requiring the government to furnish to defendant's counsel the names and addresses of all witnesses that the government intends to call at trial, and the names and addresses of all witnesses that the government does not intend to call at trial in order to avoid surprise and to assure defendant's rights to confrontation and cross-examination.

16.  An order requiring the government to give immediate notice of its intention to use evidence of other crimes, wrongs, and/or bad acts, pursuant to Rule 404(B).

17.  An order compelling the government to immediately disclose the existence and substance of immunity, leniency or preferential treatment.

18.  An order requiring the government to ensure that a flow of information is maintained between the various investigative personnel and its office sufficient to place within its possession or control all material and information relevant to the defendant and the offense charged, including but not limited to, items referenced in paragraphs 1 through 17 above.

Respectfully submitted,

/s/ Stanley L. Hill,
Attorney for Defendant

**STANLEY L. HILL & ASSOCIATES, P.C.**
651 West Washington Boulevard
Suite 205
Chicago, Illinois 60661
T.   (312) 917-8888
F.   (312) 781-9401
E.   stanhill@core.com
W.   stanhilllaw.com