UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF ILLINOIS  
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR 07-20009 |
| ) | |
| GENE SUTTON, ) | |
| ) | |
| Defendant. ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO  
DEFENDANT'S PRETRIAL MOTIONS**

NOW COMES the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and hereby responds to the defendant's pretrial motions (other than his motion to suppress evidence, which is responded to separately):

**Various Motions for Discovery and Inspection**

1.  In paragraphs 1, 2, 3, 5, 7, 12, and 18 of his pretrial motions, the defendant requests certain discovery materials. The United States is aware of its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure. The United States has previously provided the defendant with discovery pursuant to that rule and requested appropriate discovery from the defendant (see letter dated March 1, 2007, attached hereto as Exhibit A). The United States has also allowed defense counsel to review compact discs and cassettes containing copies of the recordings of the defendant referenced in the discovery. The United States intends to continue to comply with the dictates of Rule 16 as discoverable matters come to its attention. The United States has

received no discovery or disclosures whatsoever from the defendant in response to its written request and presumes the defendant possesses no discoverable material or disclosures.

2.  Paragraph 10 of the defendant's pretrial motions requests any and all written reports of government witnesses and their relevant statements. Such information is not available under Rule 16. *See United States v. Underwood*, 174 F.3d 850, 853-54 (7th Cir. 1999); *United States v. Edwards*, 47 F.3d 841, 845 (7th Cir. 1995). Pursuant to the Jencks Act, 18 U.S.C. § 3500, such statements and reports shall not be the subject of subpoena, discovery, or inspection until the witness has testified on direct examination in the trial of the case.[1] The defendant has cited no authority to the contrary.

**Motion for Production of Favorable Evidence**

3.  In paragraphs 6, 8, 9, and 17 of his pretrial motions, the defendant requests favorable evidence. The United States is aware of its obligation pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) to provide materially exculpatory evidence within its knowledge and control to the defendant, and will continue to comply with its obligations. Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), at the final pretrial of this matter the United States intends to provide the defendant all impeachment evidence regarding the witnesses the government intends to call at trial

---

[1] Per the usual practice of the undersigned AUSA, however, the United States intends to disclose to the defendant a witness list and all prior witness statements at the final pretrial conference of this matter, well in advance of the requirements of the Jencks Act, 18 U.S.C. §3500, assuming the defendant provides its witness list and prior witness statements as reciprocal discovery at that same time.

**Motion for a List of Witnesses**

4.  In paragraph 15, without citation to authority, the defendant requests a list of witnesses from the government. "It is well-settled that the Constitution does not require pretrial disclosure of prosecution witnesses." *Edwards*, 47 F.3d at 843. As noted above, such disclosure is also not required by Rule 16 of the Federal Rules of Criminal Procedure. *Id.* Nonetheless, as noted above, per the usual practice of the undersigned AUSA, the United States intends to disclose to the defendant a witness list at the final pretrial conference of this matter, despite that it is not required to do so by law, and assumes that the defendant will likewise disclose his witness list.

5.  Also in paragraph 15, without citation to authority, the defendant requests the names and addresses of every witness that the government does *not* intend to call at trial. The defendant is simply not entitled to such evidence under either *Brady* or *Giglio*. *United States v. Silva*, 71 F.3d 667, 670 (7th Cir. 1995).

**Motion for Production of Grand Jury Testimony**

6.  In paragraph 4 of his pretrial motions, the defendant requests an order directing the government to produce grand jury transcripts. Grand jury proceedings are secretive and anything that reveals what occurred before the grand jury is subject to non-disclosure pursuant to Rule 6(e)(2) of the Federal Rules of Criminal Procedure. A defendant can obtain grand jury information only by showing that the information needed is absolutely necessary, not merely beneficial, and could not be obtained any other way. *Hernly v. United States*, 832 F.2d 980, 984-85 (7th Cir. 1987). These elements are generally referred to as a "compelling necessity" and "a particularized need." *Matter of*

*Grand Jury Proceedings*, 942 F.2d 1195, 1198 (7th Cir. 1991). While the United States asserts that the defendant has not made the requisite showing, with the Court's permission at the final pretrial, the United States will provide the defendant with the grand jury testimony of all witnesses that the government intends to call during the trial of this matter.

**Motion for a Bill of Particulars**

7. In paragraph 14 of his pretrial motions, the defendant requests a bill of particulars as to the counts charged in the indictment against the defendant. A defendant is entitled to know only the offense with which he is charged, not all the details on how it will be proved. *See United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997). Moreover, a bill of particulars is not required when the information necessary to the defendant's defense can be obtained through some other satisfactory means, such as discovery. *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). The provided discovery shows, along with the indictment, when, where, and the means by which the defendant committed the charged offenses.

**Motion to Require Notice of Intention to Use Other Crimes, Wrongs or Acts Evidence**

8. In paragraph 16 of his pretrial motions, the defendant requests notice of other crimes evidence. Such notice has already been provided in a letter dated March 1, 2007. Moreover, the United States is well aware of its obligations pursuant to Rule 404(b) and 608(b) of the Federal Rules of Evidence. It intends to disclose any additional such evidence to the defendant prior to the final pretrial of this matter.

**Motion to Produce All Informants**

9. In paragraph 13 of his pretrial motions, without any authority, the defendant requests an order requiring the government to produce to defense counsel for interview all informants utilized in the investigation. It is well established that the United States has a privilege to withhold the identity of a confidential informant from a criminal defendant. *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001); *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994). A "strong presumption against lifting the privilege" exists to prevent courts from being thrust too deeply into the criminal investigative process. *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997). Because this privilege is vital to effective law enforcement, the United States is granted the privilege as a right and need not make a threshold showing that reprisal or retaliation is likely. *In the Matter of Eyecare Physicians of America*, 100 F.3d 514, 518 n.5 (7th Cir. 1996); *Valles*, 41 F.3d at 358. The Seventh Circuit has recognized in drug cases that not many people want to become police informants in light of the violence within the drug subculture, *Jefferson*, 252 F.3d at 942 (quoting *United States v. Bender*, 5 F.3d 267, 270 (7th Cir. 1993)), and that "drug dealers are not known for treating informers with compassion." *Bender*, 5 F.3d at 270.

Therefore, the defendant bears the burden of overcoming the informant privilege in the face of an assumption that the privilege should apply. *Valles*, 41 F.3d at 358. To meet his burden, the defendant must establish that he possesses a genuine need of informant disclosure that outweighs the public's interest. *Bender*, 5 F.3d at 270. The Seventh Circuit has recently reiterated the contours of a defendant's burden:

> As the Supreme Court has recognized, citizens have an obligation to communicate their knowledge of the commission of crimes to law enforcement officials. By preserving anonymity, this privilege encourages citizens to perform that obligation. In determining whether to disclose a confidential informant's identity, a court must balance the public interest in protecting the flow of information against the individual's right to prepare his defense. Therefore, in order to overcome the limited privilege, a defendant must establish that the disclosure of the informant's identity is either "relevant and helpful" to his defense or "essential to a fair determination of a cause."

*Jefferson*, 252 F.3d at 940-41 (citing *Rovario v. United States*, 353 U.S. 53, 59-62 (1957)).

In determining whether a defendant has met his burden, a court should consider the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors. *Valles*, 41 F.3d at 358; *Bender*, 5 F.3d at 269. The confidential informant privilege "will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." *Valles*, 41 F.3d at 358 (quoting *Dole v. Local 1942, IBEW*, 870 F.2d 368, 373 (7th Cir. 1989)). In the instant case, the defendant has not even claimed that he has a genuine need for the informant's identity. Thus, his request must be denied.

**Motion For *Santiago* Proffer**

10. In paragraph 11 of his motion, the defendant's requests an order requiring the government to provide a *Santiago* proffer prior to permitting any hearsay testimony to be used against the defendant. The defendant's request is confusing and overly broad – confusing because *Santiago* refers to the admissibility of coconspirator statements, which are *not* hearsay, pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence and overly

broad because the Federal Rules of Evidence contain many exceptions that permit hearsay, none of which require a *Santiago* proffer. Nonetheless, at this time, the United States does not intend to attempt to introduce out of court statements of any coconspirators at trial. If the position of the United States changes, we will inform the defendant.

        Respectfully submitted,

        RODGER A. HEATON
        UNITED STATES ATTORNEY


        s/ Eugene L. Miller
        Eugene L. Miller, Bar No. IL 6209521
        Assistant United States Attorney
        United States Attorney
        201 S. Vine St., Suite 226
        Urbana, IL 61802
        217/373-5875
        FAX: 217-373-5891
        eugene.miller@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Stanley L. Hill, Esq.
        651 West Washington Boulevard
        Suite 205
        Chicago, Illinois 60661

        s/ Eugene L. Miller
        Eugene L. Miller, Bar No. IL 6209521
        Assistant United States Attorney
        United States Attorney
        201 S. Vine St., Suite 226
        Urbana, IL 61802
        217/373-5875
        FAX: 217-373-5891
        eugene.miller@usdoj.gov



U.S. Department of Justice

COPY

United States Attorney
Central District of Illinois

Rodger A. Heaton
United States Attorney

Urbana Division Office
Urbana Federal Building and U.S. Courthouse
201 South Vine Street, Suite 226
Urbana, Illinois 61802-3369
TEL: (217) 373-5875
FAX: (217) 373-5891

March 1, 2007

**VIA U.S. MAIL**
Stanley L. Hill, Esq.
561 W. Washington Blvd., Ste. 205
Chicago, Illinois 60603

RE:   United States v. Gene Sutton, No. 07-20009

Dear Mr. Hill:

Pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure and CDIL Local Criminal Rule 16.1, the United States hereby makes the following disclosure of evidence in the above-captioned case:

1. Any relevant written or recorded statements made by the defendant within the possession, custody, or control of the government are contained on audio recordings which are referenced in the enclosed numbered pages 1 to 74, as well as on audio cassettes and compact discs dated 11/1/2006, 11/27/2006, and 12/14/2006.

   The originals of the foregoing items may be inspected at the office of the United States Attorney upon reasonable notice.

2. Law enforcement reports containing the substance of any relevant oral statements made by the defendant in response to interrogation by any person then known to the defendant to be a government agent are enclosed herein as numbered pages 1 to 74.

3. The United States possesses no recorded testimony of the defendant before a grand jury that relates to the offense charged.

4. The government is unaware of the substance of any other relevant oral statement made by the defendant in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

5. The defendant has the following prior criminal record: see pretrial services report.

EXHIBIT A

U.S. Department of Justice

Stanley L. Hill, Esq.
March 1, 2007
Page -2-

6. The United States has within its possession, custody, or control the following documents and/or tangible objects that are material to the preparation of the defendant's defense, and/or are intended for use by the United States as evidence in chief at trial and/or were obtained from or belong to the defendant: see enclosed numbered pages 1 to 74, which includes the video recordings referenced therein.

The foregoing items may be inspected at the office of the United States Attorney upon reasonable notice.

7. The United States has within its possession, custody, or control the following results or reports of physical or mental examinations and/or of scientific tests or experiments that are material to the preparation of the defense and/or are intended for use by the United States as evidence in chief at trial: see enclosed numbered pages 1 to 74, including numerous lab reports.

8. A written summary of the testimony that the United States intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial is enclosed herein as numbered pages 1 to 74, as well as law enforcement officers' testimony as to the methods and techniques used to interdict illegal drug trafficking, and the methods and practices employed by drug traffickers, including but not limited to the tools of the trade of those involved in trafficking marijuana, cocaine, and cocaine base ("crack"), including firearms, plastic baggies, cash, scales, and "safe houses," that the quantities of cocaine base ("crack") purchased and seized were inconsistent with personal use and indicative of distribution, the street value of the cocaine base ("crack") purchased and seized, the appearance of cocaine base ("crack"), the results of field tests of the cocaine base ("crack"), street slang involved in the distribution of cocaine base ("crack"), and the effect of cocaine base ("crack") on the user.

9. The United States is aware of the following evidence favorable to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963): none, but any such evidence would be enclosed herein as numbered pages 1 to 74.

10. Certain statements or reports in the possession of the United States that were made by a United States witness or prospective United States witness, other than the defendant, are enclosed herein as numbered pages 1 to 74, in advance of the requirements of the Jencks Act, 18 U.S.C. § 3500. Other such statements or reports will be disclosed later in compliance with the requirements of the Jencks Act.

11. Pursuant to Rule 404(b) of the Federal Rules of Evidence, the United States

Stanley L. Hill, Esq.                                              U.S. Department of Justice
March 1, 2007
Page -3-

provides notice of the general nature of evidence of other crimes, wrongs, and acts that intends to introduce during its case in chief, namely, the defendant's prior distribution of cocaine and cocaine base ("crack") not only on 11/1/2006 and 11/27/2006, but his prior drug distribution activities with the confidential source in this case, which information is inextricably intertwined with the charged offenses.

Additionally, demand is hereby made for disclosure of evidence by the defendant to the United States pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and CDIL Local Criminal Rule 16.1, including, but not limited to, documents and tangible objects defendant intends to introduce as evidence in chief at the trial, results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, a written summary of testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence at trial, including any expert disclosed under Rule 12.2(b) of the Federal Rules of Criminal Procedure, and an intention to offer a defense of alibi under Rule 12.1 of the Federal Rules of Criminal Procedure, including the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.

After you have an opportunity to review the enclosed discovery, please feel free to call me with any additional requests or questions that you may have. If the defendant intends to plead guilty and accept responsibility for his conduct, please contact us as soon as possible and at least **by March 30, 2007**. After that date, we will need to begin preparing for trial and will not agree that the defendant has accepted responsibility in a timely fashion. We look forward to hearing from you.

Very truly yours,

RODGER A. HEATON
United States Attorney

_____
EUGENE L. MILLER
Assistant United States Attorney

enclosures