UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | Case No. CR 07-20009 |
| ) | |
| GENE SUTTON,    ) | |
| ) | |
| Defendant.    ) | |

**THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S
MOTION FOR FURLOUGH TO OBTAIN MEDICAL TREATMENT**

NOW COMES the United States of America, by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and in response to Defendant's Emergency Motion for Temporary Furlough from Custody of DeWitt County Jail to Permit Defendant to Obtain Medical Treatment for Acne Keloidalis Nuchae at a Medical Facility Equipped to Provide Treatment for Defendant's Disease, states as follows:

1.      On December 14, 2006, law enforcement agents arrested the defendant, Gene Sutton, based on probable cause to believe he had been in possession of approximately 50 grams of cocaine base ("crack") and a firearm.  On December 15, 2006, the defendant was charged by criminal complaint with possession of 50 grams or more of cocaine base ("crack") with the intent to distribute it and carrying a firearm during a drug trafficking crime.  Following a detention hearing, the Court found by

clear and convincing evidence that there was a serious risk that the defendant would endanger the safety of another person or the community if released and ordered the defendant remanded to the custody of the United States Marshals Service to be detained pending indictment and trial. On January 3, 2007, the defendant was indicted on two drug trafficking charges and one firearm charge. The United States Marshals Service has executed the Court's order by detaining the defendant at the DeWitt County Jail in Clinton, Illinois, pursuant to a contract with the DeWitt County Sheriff's Department, pending trial.

2. On June 22, 2007, the defendant filed a motion requesting a temporary furlough from the custody of the DeWitt County Jail to obtain medical treatment for an alleged condition. This Court directed the United States to respond by noon on June 28, 2007.

3. The defendant's request for a furlough to obtain medical treatment is groundless. The defendant cites no authority – statute, rule, or case – that would permit a defendant to receive a furlough from Court ordered detention to receive his own preferred medical treatment. Undoubtedly, pretrial detainees have the right to receive prompt and competent medical aid and treatment. *See Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). The United States Marshals Service, however, is not only capable,[1]

---

[1] When determined to be medically necessary, the United States Marshals Service has transported pretrial detainees to various Bureau of Prisons medical facilities for appropriate treatment. Moreover, in this case, they have transported the defendant to a dermatologist in Bloomington, Illinois and St. John's Hospital in Springfield, Illinois, for diagnosis and/or treatment.

but required to provide this aid and treatment to the defendant while in custody, without the need of a furlough that would expose the community to the danger the Court has already found the defendant clearly and convincingly presents.

4.  Moreover, to the extent the defendant's motion also implicitly complains of the medical treatment he is currently receiving, the above captioned criminal proceeding is not the appropriate forum. Federal courts are courts of limited jurisdiction. This Court has jurisdiction of the pending criminal case pursuant to 18 U.S.C. § 3231, which provides exclusive jurisdiction for offenses against the United States. A pretrial detainee's complaints regarding his medical treatment while in custody are independent of and unrelated to the current criminal charges he is facing. A separate civil action would be the appropriate vehicle. *See, e.g., Murphy v. Walker*, 51 F.3d 714 (7th Cir. 1995) (pretrial detainee stating claim for inadequate medical treatment under Due Process Clause and 42 U.S.C. § 1983).

5.  Finally, the factual basis of the defendant's claim is without support. According to the records of the United States Marshals Service, the defendant has been seen regularly by medical personnel while in the DeWitt County Jail during the period of his detention and has been prescribed treatment for his condition, such as anti-bacterial medication and cream, and anti-dandruff shampoo. On 23 separate documented occasions, from January 2007 to this month, the defendant has refused the prescribed treatment, and instead, continues to pick and scratch the acne against his physician's orders, causing it to bleed. The defendant's allegations that he was told by

3

unspecified persons that the treatment by jail medical staff was inappropriate and caused his condition to worsen and that he needed plastic surgery and skin grafts are without foundation and unsubstantiated.

## CONCLUSION

Based on the foregoing reasons, the United States of America respectfully requests that this Court deny the defendant's motion for a furlough to obtain medical treatment.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY


s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
217/373-5875
FAX: 217-373-5891
eugene.miller@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Stanley L. Hill, Esq.
> 651 West Washington Boulevard
> Suite 205
> Chicago, Illinois 60661

> s/ Eugene L. Miller
> Eugene L. Miller, Bar No. IL 6209521
> Assistant United States Attorney
> United States Attorney
> 201 S. Vine St., Suite 226
> Urbana, IL 61802
> 217/373-5875
> FAX: 217-373-5891
> eugene.miller@usdoj.gov