**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 07-CR-20009 |
| ) | |
| **GENE SUTTON,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This case is before the court for ruling on Defendant's Pretrial Motions (#16). This court has carefully reviewed Defendant's requests and the Government's Response (#19). Following this careful review, this court agrees with the Government that Defendant has not shown he is entitled to any of the relief sought. Accordingly, Defendant's Pretrial Motions (#16) are DENIED.

BACKGROUND

On January 4, 2007, Defendant, Gene Sutton, was charged by indictment (#7) with: (1) knowingly distributing fifty grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); (2) knowingly possessing fifty grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); and (3) knowingly carrying a firearm during and in relation to the crimes of distribution and possession with intent to distribute as charged in Count 1 and Count 2, in violation of 18 U.S.C. § 924(c).[1]

---

[1] This court notes that, on July 12, 2007, a five-count Superseding Indictment (#27) against Defendant was filed. Arraignment on the Superseding Indictment is scheduled for July 19, 2007, before Magistrate Judge David G. Bernthal.

On June 4, 2007, Defendant filed a Motion to Quash Arrest and Suppress Evidence (#14) and a document entitled Pretrial Motions (#16), which included a total of 18 paragraphs requesting various types of relief. On June 18, 2007, the Government filed its Response to Motion to Quash Arrest and Suppress Evidence (#18) and its Response to Pretrial Motions (#19). On July 10, 2007, Defendant filed a Reply to the Government's Response to the Motion to Quash Arrest and Suppress Evidence (#25). This case is currently scheduled for a telephone status conference before this court on August 29, 2007. A hearing regarding the Motion to Quash Arrest and Suppress Evidence will be scheduled at that time.

## PRETRIAL MOTIONS

In his Pretrial Motions (#16), Defendant made numerous requests for relief, without citing authority for many of the requests made. In its Response (#19), the Government stated that, as far as Defendant's requests for discovery materials, the Government has provided Defendant with discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure and has also allowed Defendant's counsel to review compact discs and cassettes containing copies of the recordings of Defendant referenced in the discovery. The Government stated that it intends to comply with the dictates of Rule 16 as discoverable matters come to its attention. The Government further stated that, as far as Defendant's request for written reports of Government witnesses and their relevant statements, this information is not available under Rule 16. The Government further noted that, pursuant to the Jencks Act, 18 U.S.C. § 3500, such statements and reports shall not be the subject of subpoena, discovery or inspection until the witness has testified on direct examination in the trial of the case. The Government noted, however, that its usual practice is to disclose to Defendant a witness list and all prior witness statements at the final pretrial conference, well in advance of the requirements of the Jencks Act, assuming Defendant provides its witness list and prior witness statements as reciprocal discovery at the same time. The Government also stated that it is aware of its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and will continue to comply with

2

its obligations. The Government stated that, pursuant to Giglio v. United States, 405 U.S. 150 (1972), it will provide Defendant, at the final pretrial conference, with all impeachment evidence regarding the witnesses the Government intends to call at trial.

As far as Defendant's request for grand jury transcripts, the Government correctly stated that Defendant must show that the information is absolutely necessary and cannot be obtained any other way. The Government stated that Defendant has not made the requisite showing. The Government stated, however, that, with the court's permission at the final pretrial conference, it will provide Defendant with the grand jury testimony of the witnesses the Government intends to call during trial.

Defendant also requested a bill of particulars. The Government noted that a bill of particulars is not required when the information necessary to Defendant's defense can be obtained through some other satisfactory means, such as discovery. The Government stated that the provided discovery shows, along with the indictment, when, where, and the means by which Defendant committed the charged offenses.

Defendant also requested notice of other crimes evidence. The Government stated that this notice was provided in a letter dated March 1, 2007. The Government further stated that it is well aware of its obligations pursuant to Rule 404(b) and 608(b) of the Federal Rules of Evidence and intends to disclose any additional such evidence to Defendant prior to the final pretrial conference.

Defendant requested an "order requiring the government to produce all informants utilized in the investigation of this case for interview by defense counsel on behalf of defendant." Defendant provided absolutely no reason for this request nor any citation of authority. In its Response, the Government correctly pointed out that it is well established that the Government has a privilege to withhold the identity of a confidential informant from a criminal defendant. In order to overcome the informant privilege, a Defendant must meet his burden to establish that he possesses a genuine need of informant disclosure that outweighs the public interest. The Government noted that Defendant has not even claimed that he has a genuine need for the informant's identity, let alone met

his burden of establishing such a need.

Defendant has also requested a <u>Santiago</u> proffer. The Government noted that Defendant's request is confusing and overly broad. The Government stated that it does not intend to attempt to introduce out of court statements by any coconspirators at trial and that, if this position changes, the Government will so inform Defendant.

Based upon the Government's thorough and well-reasoned Response to Defendant's Pretrial Motions, this court concludes that Defendant has received or will receive all of the discovery to which he is entitled and has not shown that he is entitled to any of the other relief sought.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Pretrial Motions (#16) are DENIED.

(2) This case remains scheduled for an arraignment on the Superseding Indictment before Judge Bernthal on July 19, 2007, at 10:00 a.m. and for a telephone status conference before this court on August 29, 2007, at 10:00 a.m.

ENTERED this 16th day of July, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE