**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07-cr-20009 |
| GENE SUTTON, | ) ) ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter comes before the Court on Mr. Sutton's Emergency Motion for Reduction of Sentence [91] under Section 404(b) of the First Step Act. The government has filed a Response [95] opposing the request and this Order follows.

The Fair Sentencing Act of 2010 ("FSA") amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to increase the amount of crack cocaine a violation of 21 U.S.C. § 841(a) must involve to trigger mandatory minimums and accompanying statutory maximum sentences. Prior to the FSA, an offense involving 50 grams or more of crack cocaine triggered a 10-year mandatory minimum sentence, while an offense involving 5 grams triggered a 5-year mandatory minimum. Section 2 of the FSA amended § 841(b)(1)(A)(iii) by striking 50 grams and inserting 280 grams. It also amended § 841(b)(1)(B)(iii) by striking 5 grams from § 841(b)(1)(B)(iii) and inserting 28 grams. The FSA did not apply retroactively to defendants sentenced prior to August 3, 2010.

Section 404 of the First Step Act makes those changes retroactive. Section 404(a) defines a covered offense as a violation of a federal criminal statute, the statutory penalties for which

1

were modified by section 2 or 3 of the Fair Sentencing Act of 2010. Section 404(b) then states "a court that imposed a sentence for a covered offense may … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."

Sutton was a large-scale drug trafficker in the Central District of Illinois. The Presentence Report sets out distribution of over 19 kilograms of cocaine and over 800 grams of cocaine base ("crack"). He pleaded guilty to distributing 50 grams or more of cocaine base ("crack") (Count 3) and possession of a firearm in furtherance of a drug trafficking crime (Count 5). The original guideline range was 188-235 months on the drug count, plus 60 consecutive months on the gun count. The government's recommended sentence was 248 months (188 + 60).

At some point the parties reached an agreement, which was memorialized in a Sentencing Agreement at the final sentencing hearing. The agreement had the defendant receive a sentence of 180 months in exchange for the withdrawal of his PSR objections and the waiver of his right to appeal or collaterally attack his sentence. Judge McCuskey accepted the agreement and sentenced the defendant to 180 months, consisting of 120 months on Count 3 and a consecutive 60 months on Count 5.

The Amended Sentencing Range pursuant to the First Step calculation as determined by the Probation office is 151-188 months as to Count 3 and the 60 consecutive months on Count 5. To reach the same 180 month sentence as previously agreed upon, the court would be required to depart below the amended advisory guideline range, as Mr. Sutton's original sentence is well below the amended total guideline sentence (151-188 + 60).

Section 404(c) of the Act makes clear that a sentencing reduction is discretionary. In exercising that discretion, the Court considers the factors in 3553(a) including the applicable

guideline range. Given the substantial sentencing benefit already received by Mr. Sutton, the Court exercises its discretion in declining to reduce his sentence any further as to both Counts 3 and 5. The Emergency Motion for Reduction of Sentence is respectfully denied. The Clerk is directed to send a copy of this order to the defendant at his current Bureau of Prisons address.

Signed on this 23rd day of April, 2019,

<u>s/ James E. Shadid</u>
James E. Shadid
United States District Judge